UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOMINGO RAMIREZ,           )<br>                              )<br>          Plaintiff,         )<br>                              )    Civil Action No. 1:24-cv-01731 (UNA)<br>v.                            )<br>                              )<br>DRUG ENFORCEMENT AGENCY,      )<br>                              )<br>          Defendant.          ) | |

### MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The Court grants the *in forma pauperis* application and, for the reasons discussed below, dismisses this case without prejudice.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Here, Plaintiff sues the Drug Enforcement Administration ("DEA"), Corpus Christi Headquarters. *See* Compl. at 1; Compl. Exhibit 1, ECF No. 1-1 (S.D. Tex. Compl.) ("SD Compl."), at 1. The Complaint is not a model in clarity, failing to comply procedurally with Federal Rules 8(a) and 10(a)–(b), and D.C. Local Civil Rule 5.1(c)(1), (d), (e), and (g). *See generally* Compl.; SD Compl.

The allegations themselves fare no better. Plaintiff introduces the Complaint by alleging that the United States District Court for the Southern District of Texas conspired with the DEA to bring charges against him, and he demands that his case be tried in another federal district court, a state court, or a military court, instead of the Southern District. *See* Compl. at 2. Next, he attaches a complaint either filed, or intended to be filed, in the Southern District of Texas, which appears to contain the crux of his allegations. *See generally* SD Compl. Therein, he alleges that, since May 2023, the DEA has "implanted [him] with a device/gadget called Bold FMRI," and while under its control, it has caused him myriad psychological, physical, and social problems. *See id.* at 2–4. He contends that the device "controls the nervous system and eyes and thoughts which can [then] be reconstructed" by the DEA. *See* SD Compl. Exhibit 1 ("SD Compl. Ex. 1"), ECF No. 1-2, at 2. He further alleges that, by use of this "gadget," the DEA was able to "hack into" his social media accounts, bank accounts, and medical records. *See* SD Compl. at 2–3. The remainder of the allegations are even more paranoid and digressive. *See, e.g.*, *id.* at 2; SD Compl. Ex. 1 at 2.

The Court cannot exercise subject-matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins"). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08.

The instant Complaint satisfies this standard. In addition to failing to state a claim for relief, the Complaint is deemed frivolous on its face. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Finally, insofar as Plaintiff attempts to somehow unliterally transfer this case from another District, *see* Compl. at 2; SD Compl. at 1; SD Compl. Ex. 1 at 1, he bears no authority to do so. *See generally* 28 U.S.C. §§ 1404, 1406 (providing courts, not litigants, with the power to transfer a case). Moreover, this Court lacks subject-matter jurisdiction to review the decisions of other federal courts. *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979) (finding it "axiomatic" that a federal court may order judges or officers of another federal court "to take an action"), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994).

For all these reasons, the Complaint, ECF No. 1, and this case, are dismissed without prejudice. Plaintiff's first motion for discovery, ECF No. 3, second motion for discovery, ECF No. 4, motion for order to release evidence, ECF No. 5, and motion for speedy trial, ECF No. 6, are all denied as moot. A separate Order accompanies this Memorandum Opinion.

Date: November 20, 2024

/s/_____
ANA C. REYES
United States District Judge